■ STUART-OLVER-HOLTZ, INC., Respondent, v HARRY GREEN, Appellant. —Judgment unanimously affirmed, with costs. Memorandum: Plaintiff sued defendant for damages in *quantum meruit* for breach of contract and defendant counterclaimed in several causes of action, all of which were dismissed at the trial except the one for tooling which the court limited to $435. This was the value of a die which defendant claimed was his and which was in plaintiff's possession. The court instructed the jury that if it found in favor of plaintiff and also in favor of defendant on the countersuit for the die, it should deduct the damages awarded to defendant from those awarded to plaintiff and arrive at a net figure. The jury subsequently awarded plaintiff $4,921.50 and also directed plaintiff to return to defendant "all inventories, tools and disbursements pertaining to his contract." The court then asked the jury if, according to its verdict, the defendant was "to receive all inventory of parts, tooling and dies". The foreman, speaking for the jurors, answered in the affirmative. Defendant urges that the verdict was contrary to the court's instruction to reach a net monetary figure. It is clear that the jury's direction as to the return of the inventory and tools was not meant as a verdict in favor of the defendant on his counterclaim since the aggregate value of these items would greatly exceed the $435 limit imposed by the court. Thus there was no need for the jury to reach a net monetary figure. The inclusion of these items reflects, as the court pointed out, the jury's belief that defendant should receive what the judgment requires that he pay for. A verdict defective only in form may be corrected by the court to conform it to the issues presented and to the intent of the jury (see, e.g., *Josephson v Wibrew,* 15 AD2d 533; *Purpora v Coney Is. Dairy Prods. Corp.,* 262 App Div 908; 8 Carmody-Wait 2d, NY Practice, § 58:28). Thus, the entry of judgment in favor of plaintiff for $4,921.50 with the condition that, upon satisfaction of this judgment, plaintiff return to defendant all inventory, tooling and dies pertaining to the contract, was proper. (Appeal from judgment of Monroe County Court in action on contract.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.